# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

AUGUST 1997 SESSION



**FILED**

October 30, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **OTHA BOMAR,** | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 01C01-9607-CR-00325 |
| | ) | |
| vs. | ) | Davidson County |
| | ) | |
| **STATE OF TENNESSEE,** | ) | Honorable Walter C. Kurtz, Judge |
| | ) | |
| Appellee. | ) | (Post Conviction) |
| | ) | |

FOR THE APPELLANT:

JENNIFER L. SMITH (on appeal)
Attorney at Law
P.O. Box 92547
Nashville, TN 37209

STEPHEN F. WOOD, JR. (at hearing)
Attorney at Law
424 Church St., Ste. 2000
Nashville, TN 37219

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

PETER M. COUGHLAN
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

VICTOR S. JOHNSON III
District Attorney General

KYMBERLY HAAS
Assistant District Attorney General
Washington Square
222 Second Ave. North, Ste. 500
Nashville, TN 37201-1649

OPINION FILED: _____


**AFFIRMED IN PART, REVERSED IN PART, REMANDED**

CURWOOD WITT
JUDGE

## OPINION

The appellant, Otha Bomar, appeals the Davidson County Criminal Court's denial of his petition for post-conviction relief. Bomar is presently serving a 20-year sentence for second degree murder. State v. Otha Bomar, No. 01C01-9203-CC-00065 (Tenn. Crim. App., Nashville, Dec. 10, 1992), perm. app. denied (Tenn. 1993). In his amended petition, Bomar alleged his conviction was infirm in numerous respects. Following a hearing, the lower court found all of his claims without merit. In his appeal to this court, Bomar raises two issues.

1.  Whether the trial court erred in dismissing his petition where the state failed to file a response to the petition or those parts of the record material to the issues raised by the petition as required by Tennessee Code Annotated section 40-30-114(a) and (b).

2.  Whether the trial court erred in failing to include findings of fact and conclusions of law on each issue presented in its order dismissing the petition, contrary to Tennessee Code Annotated section 40-30-118(b).

On review, we affirm the judgment of the trial court in part, reverse in part, and remand to the trial court.

The pertinent facts are these. The petitioner filed his post-conviction action on March 6, 1995,[1] and counsel was appointed. The petitioner filed two pro se petitions, and his counsel filed an amended petition. Contrary to Tennessee Code Annotated section 40-30-104(b), the documents supporting the petitioner's allegations, particularly the record of trial and direct appeal, were not attached to these three petitions. Moreover, no excuse was offered by petitioner or his counsel for failure to attach the necessary documents. See Tenn. Code Ann. § 40-30-104(b) (1990) (repealed 1995).

The district attorney general failed to file an answer to the petition, contrary to the requirement of former Code section 40-30-114(a). Likewise, the

---

[1] The petitioner's claim was filed prior to the effective date of the Post Conviction Procedure Act of 1995. Accordingly, we apply the law as it existed at the time his petition was filed. See Tenn. Code Ann. §§ 40-30-101 to -124 (1990 and Supp. 1994) (repealed 1995).

**2**

district attorney general failed to file the records or transcripts which were material to the petitioner's allegations pursuant to former Code section 40-30-114(b), as required where the petitioner has not filed these documents.

Notwithstanding the petitioner's and the state's collective failure to file the records pertaining to the trial and direct appeal and the state's failure to file a responsive pleading, this matter came on for hearing in the Davidson County Criminal Court. At the beginning of the hearing, counsel for the petitioner notified the court the district attorney general had filed neither a responsive pleading nor the record of the prior proceedings. The court commented the petitioner was not entitled to a default judgment and the hearing would proceed as scheduled. The assistant district attorney general informed the court, "The record was sent to the trial court pursuant to an order prepared by the [p]etitioner's attorney," although the court commented the record had not been received by the clerk. The petitioner's counsel voiced no further objection, and the hearing proceeded. In his summation, petitioner's counsel referred to a review of the entire record as necessary to determine one of the issues. At the conclusion of the hearing, the court made specific findings of fact on two of the twelve issues presented and summarily found the other ten "without merit" without further elaboration or a review of the trial record.

# I

First, we must determine whether the trial court erred in dismissing the petitioner's claims in the absence of a responsive pleading from the state and those parts of the record material to the issues raised by the petition. The petitioner argues this was fatal error because the district attorney's duties in responding to the petition and filing the appropriate documents were mandatory under former Code section 40-30-114.

State's Failure to File Responsive Pleading

3

As to the state's failure to file a responsive pleading, the petitioner alleges prejudice from the state's inaction because his counsel "was forced to proceed with his proof without any advance notice of the [s]tate's position on a single ground asserted in [the] post-conviction petition," and crucial documents were not available "to assist the trial court at hearing and in dispos[ing of the matter, and] to facilitate assignment of error by appellate counsel and review by this court." In a cursory argument unsupported by citation to authority, the state claims the assistant district attorney general thought at the time of hearing the state had filed a response, and in any event, the petitioner has not alleged or established actual prejudice resulting from the state's oversight.[2]

We agree with the state that the petitioner has shown no prejudice from the state's failure to file a responsive pleading. Petitioner's counsel brought the matter to the court's attention, but voiced no objection, announcing instead, "We're ready to proceed." While we in no way condone the state's dereliction of its statutory duty, petitioner effectively waived the objection he now voices by failing to object at the hearing.[3] Additionally, we do not see how the petitioner has been prejudiced by the district attorney general's failure to respond. See Tonia Lee Davenport v. State, No. 02C01-9307-CC-00151, slip op. at 11-12 (Tenn. Crim. App., Jackson, Feb. 8, 1995); cf. Lairron Rawson v. State, No. 01C01-9307-CC-00244, slip op. at 3 (Tenn. Crim. App., Nashville, June 2, 1994) (petitioner not entitled to relief based upon state's failure to file answer in timely fashion absent showing of prejudice). As such, this issue is without merit.

State's Failure to File Trial Record

Next, we must address whether the petitioner was prejudiced by the

_____

[2]The state argues the petitioner has failed to point this court to relevant portions of the transcript to illustrate how he was prejudiced by its absence in the proceedings below. What the state fails to address is how the petitioner is to accomplish what it proposes in absence of these documents in the record.

[3]Petitioner was not represented in the proceedings below by the same counsel who represents him before this court.

state's failure to fulfill its statutory obligation to file the relevant portions of the trial record. We are initially wary of the state's argument the defendant was not prejudiced by the district attorney general's failure to file the trial record. This petitioner is serving a twenty-year prison term. State law allows him the right to have constitutional claims adjudicated in a post-conviction proceeding.[4] Without a review of the trial transcript, some of the petitioner's claims of alleged constitutional error may not receive full consideration on their respective merits. While the petitioner and his counsel should have filed these documents,[5] the ultimate responsibility fell with the district attorney general. Compare Tenn. Code Ann. § 40-30-104(b) (1990) (repealed 1995) (duties of petitioner) with Tenn. Code Ann. § 40-30-114(b) (1990) (repealed 1995) (duties of district attorney general). The state argues the trial court could remember what transpired at trial, and therefore, the record was unnecessary. What the state fails to address, however, is how this court is to fulfill its obligation of reviewing the lower court's actions in the absence of the trial record. Nevertheless, we find all but one of the petitioner's claims were properly adjudicated without the trial record, and as such, the state's failure to file the trial record requires reversal and remand only for consideration of that one claim.

In determining whether the petitioner has been prejudiced by the state's failure to file the trial record, we have considered whether the petitioner's claims are proper subjects for relief in post-conviction proceedings, whether his allegations, if true, would entitle him to relief, and whether the record of prior proceedings is necessary for an accurate determination. Where these questions cannot be answered affirmatively, we perceive no prejudice to the petitioner from the district attorney general's failure to file the relevant portions of the record, with

_____

[4]The petitioner alleges this is his second post-conviction petition, the first having been dismissed because it was filed prior to the conclusion of his direct appeal. Thus, this is the first time his claims have been considered on their merits.

[5]The petitioner apparently had a copy of the trial transcript. His pro se petitions contain specific references to the transcript. Likewise, his counsel admitted at the hearing he had reviewed the record of the prior proceedings.

the exception of the last issue discussed.

The petitioner's allegations are numerous. We have categorized them by our disposition.

### Issue previously determined

One of the petitioner's issues is whether his statement to the police was voluntary despite the fact he was on prescription medication at the time he gave it. The petitioner's prescription consumption was extensively explored at the hearing, although the issue as it relates to suppression of the statement was previously determined in the petitioner's direct appeal. It is not a proper subject for post-conviction relief. See Tenn. Code Ann. § 40-30-112(a) (1990) (repealed 1995). Thus, this claim was not a proper one for post-conviction relief, and the absence of the record is of no consequence.

### Issues on which petitioner failed to present evidence

Despite raising numerous allegations of ineffectiveness of counsel, the petitioner failed to present evidence on many of them: (a) failing to file a motion attacking the indictment,[6] (b) failing to develop proof at trial negating the element of intent, (c) failing to frame special requests for instructions regarding the petitioner's use of prescription medications as negating intent and giving rise to diminished capacity, and (d) allowing the petitioner to testify about a prior conviction during direct exam, thereby waiving the issue of the conviction's admissibility.[7] The petitioner did not establish that trial counsel failed to take these actions as a result of unpreparedness, incompetence, or other such reasons which would support a

[6]Not only did the petitioner fail to present evidence on this claim, the claim is based upon an erroneous assumption of law. See discussion of former Code section 39-6-1710, infra.

[7]A closely related issue was previously determined on direct appeal. This court held the trial court correctly ruled for the state in allowing evidence of the prior conviction for impeachment purposes. Otha Bomar, slip op. at 5. In light of this ruling, it requires sheer conjecture to say that absent trial counsel's allowing the petitioner to testify about the prior conviction, the state would have foregone the opportunity to impeach the petitioner on this point.

finding of ineffective assistance of counsel. As to those claims, he did not carry the burden of proof. See McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983) (petitioner has the burden of proving his post-conviction allegations by a preponderance of the evidence). The petitioner has not explained, and we fail to see, how the trial record would be illustrative of these claims, particularly in the absence of trial counsel addressing these issues during his testimony at the evidentiary hearing. The petitioner has accordingly failed to demonstrate prejudice from the absence of the record.

The petitioner's allegation of ineffective assistance of appellate counsel is general and sweeping. Near the end of a twelve page amended petition, he merely alleges, "The petitioner was denied effective assistance of appellate counsel by the failure of appointed appellate counsel to brief and argue, or submit a supplemental brief, concerning the foregoing issues." For the most part, the petitioner failed to present evidence supporting this broad allegation.[8] By failing to substantiate those issues through supporting evidence, or at least present argument with reference to the record he apparently anticipated would be filed, the petitioner failed to carry his burden of proof. As such, the lower court properly disposed of these claims without reference to the record. The petitioner was not prejudiced by the court's action.

Issue waived by failing to raise it in earlier proceedings

The petitioner claims he has suffered constitutional injury in that the convicting evidence was insufficient to prove his guilt beyond a reasonable doubt. No challenge to the sufficiency of the evidence was raised on direct appeal. The

---

[8]However, the petitioner presented evidence on the issue of whether appellate counsel failed to investigate the possible side effects from his prescription medications. He also alleged appellate counsel was ineffective for failing to challenge the sufficiency of the evidence on direct appeal. However, even though the petitioner did not present evidence on the latter issue, post-conviction counsel clearly anticipated the trial court would review the record and argued the insufficiency of the evidence would be revealed in the record. We discuss both of these issues infra.

7

question of whether challenges to the sufficiency of the evidence are not proper subjects for post-conviction review is a subject of some debate in this state. Compare, e.g., Rhoden v. State, 816 S.W.2d 56, 61 (Tenn. Crim. App. 1991) (sufficiency question not proper subject of post-conviction review) with John Wayne Slate v. State, No. 03C01-9201-CR-00014 (Tenn. Crim. App., Knoxville, Apr. 27, 1994) (sufficiency of evidence review is proper on post-conviction review under Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781 (1979)), perm. app. denied concurring in results only (Tenn. 1994)). In the case at bar, the petitioner did not challenge the sufficiency of the evidence in his direct appeal. Under the post-conviction law applicable to this case, an issue which could have been but was not raised in an earlier proceeding, i.e. a direct appeal, is presumed to have been waived for purposes of post-conviction scrutiny. Tenn. Code Ann. § 40-30-112(b) (1990) (repealed 1995). In this case, the petitioner made no direct allegation why his claim was not waived by his failure to pursue it on direct appeal. Accordingly, he has not overcome the presumption this claim is waived.[9] Thus, the record is not dispositive.

Issues based upon erroneous interpretations of law

The petitioner claims he was impermissibly convicted and sentenced to an additional five years based upon the use of a firearm during the commission of a felony, per former Code section 39-6-1710. (The petitioner incorrectly cites to section 39-6-11710, a non-existent Code section under prior law.) He claims State v. Bottenfield, 692 S.W.2d 447 (Tenn. Crim. App. 1985), struck section 39-6-1710 in all cases arising on or after July 1, 1982. The petitioner misapprends Bottenfield, which struck only subsection (a)(2) of 39-6-1710, which had to do with suspension, deferment, withholding or parole of the five year sentence enhancement of 39-6-1710. See also State v. William F. Comer, No. 8 (Tenn. Crim. App., Jackson, May

---

[9]Elsewhere in his petition, the petitioner raised the issue of ineffectiveness of appellate counsel in failing to present this issue on appeal. While this could arguably be construed as an attempt to rebut the presumption of waiver, neither the lower court nor this court has been presented with such an argument, and we decline to make the petitioner's case for him.

17, 1984). Similarly, the petitioner also claims he should not have received an additional five year sentence for use of a firearm because the jury had been allowed to infer malice from his use of a firearm, thereby making it an essential element of the offense of second degree murder. This argument has been rejected by this court. State v. Chambless, 682 S.W.2d 227, 232-33 (Tenn. Crim. App. 1984). Clearly, these allegations are based upon erroneous assumptions of law and do not warrant relief. Any issue of fact which might be illustrated in the record would be irrelevant, as these are strictly legal issues.[10] Thus, the court did not err in determining these issues in the absence of the record.

### Other claims which were appropriately considered without the record

The petitioner also claimed the jury was improperly instructed regarding possible punishments he faced if convicted. The lower court found that even if the jury had been instructed as the petitioner alleged, any error was harmless because it informed the jury the petitioner would face a greater sentence than the law actually provided for the offenses on which the jury was instructed. As such, the petitioner had not established that he was harmed by the instruction or that this it would change the result of the jury's finding of guilt. By assuming the petitioner's allegation of defective instructions was true, the court avoided the need to refer to the trial record. The petitioner is hardly in a position to complain. We agree with the trial court that the record was not necessary for determination of this issue. As such, the court did not err in ruling without the record.

Likewise, the petitioner's allegation of ineffective assistance arising from trial counsel's failure to object to the absence of such instructions is capable

---

[10]As additional edification for our holding, we point out that trial counsel testified the court had not enhanced the defendant's sentence by five years because of the court's uncertainty as to whether section 39-6-1710 survived the enactment of the Sentencing Reform Act of 1989. Trial counsel's testimony on this point was uncontroverted by the petitioner's evidence, who presented no evidence whatsoever to rebut trial counsel's testimony and did not cross-examine trial counsel about her assertion in this regard. The court could have properly relied on trial counsel's testimony in lieu of the record.

of determination without the record. The court did not err in dismissing this claim without review of the record.

The allegations which consumed much of the testimony at the post-conviction hearing related to the alleged ineffectiveness of trial counsel in failing to call an expert to testify at the suppression hearing regarding the side effects of Prednisone, one of the prescription medications the petitioner was taking when he gave his statement to law enforcement, and the ineffectiveness of appellate counsel in failing to research these side effects and present additional evidence during the appellate process. Trial and appellate counsel were thoroughly examined about these issues at the hearing. The court found counsel had rendered effective assistance. These claims are easily and appropriately determined without the trial record, in that abundant testimony was offered at the hearing. See Marcellous Bond v. State, No. 02C01-9412-CC-00274, slip op. at 5 (Tenn. Crim. App., Jackson, June 7, 1995) (either testimony of trial counsel or the record of prior proceedings is necessary to determine issue of ineffective assistance of counsel), perm. app. denied (Tenn. 1996). The petition made no showing that the trial record would be further illustrative on this particular issue.[11] As such, the petitioner's claim the record was necessary for consideration of these issues is without merit.

Remaining issue

The final claim raised by the petitioner's pleadings is whether appellate counsel was ineffective for failing to challenge the sufficiency of the convicting evidence on appeal. The petitioner failed to question appellate counsel about his failure to raise the sufficiency question; however, the petitioner's counsel argued in his summation that the record would reflect the insufficiency of the convicting evidence. His statements clearly indicate he anticipated the record would be

_____

[11]Although the correctness of the trial court's determinations on these issues is not directly raised on appeal, the evidence does not preponderate against the court's findings.

10

reviewed on the sufficiency issue.[12]  A review of the evidence is necessary in order to determine the underlying question for determining whether appellate counsel was ineffective.  In this case, the record of this proceeding fails to reflect that the lower court reviewed the convicting evidence prior to making its ruling.  To be sure, the record supports a contrary conclusion.  As a result, we must reverse and remand the matter in part for a determination based upon a review of the evidence adduced at trial.  On remand, the sole question to be answered by the trial court is whether appellate counsel was ineffective in failing to challenge the sufficiency of the convicting evidence on direct appeal.

In summary, despite the district attorney general's failure to file the record, which we in no way condone, the petitioner raised only one claim which met the threshold requirements for compelling consideration in conjunction with the record of prior proceedings.  The lower court's determination of that lone issue is reversed and remanded for consideration in conjunction with the evidence.

II

In his second issue, the petitioner claims the trial court committed reversible error by failing to make findings of fact and conclusions of law in its order of dismissal. The state has chosen not to respond to this argument in its brief. See Tenn. R. App. P. 27(b) (requiring appellee to include argument in its brief on the issues before the court).

The petitioner is correct that the trial court is required to make findings of fact and conclusions of law in its order adjudicating the issues presented.  Tenn. Code Ann. § 40-30-118(b) (1990) (repealed 1995).  The failure to do so, however, does not necessarily mandate reversal.  See, e.g., State v. Higgins, 729 S.W.2d 288 (Tenn. Crim. App. 1987); State v. Swanson, 680 S.W.2d 487 (Tenn. Crim. App. 1984).  In this case, the court made oral findings on some of the issues, which were

---

[12]Counsel did not argue for review of the record on any other issue.

incorporated by reference by the dismissal order.  This procedure is not inappropriate.  Higgins, 729 S.W.2d at 290-91.

We find it troublesome, however, that the trial court summarily dismissed many of the petitioner's claims, stating without elaboration they were "without merit."  Such action deprives this court of the opportunity to examine the reasons behind the trial court's determination.  However, as we have discussed above, most of the petitioner's claims were previously determined, waived, or otherwise not properly before the court for disposition.  Any failure to make findings as to those claims was harmless error.

There are two claims which warrant further scrutiny.  First, the petitioner presented proof regarding whether appellate counsel was ineffective in failing to investigate his medication side effects and to present evidence on this issue in the appellate process.  Although the court did not specifically address this claim, he found the petitioner failed to carry the burden of proof as to trial counsel's alleged ineffectiveness in challenging the voluntariness of the statement because of medication side effects.  The petitioner's evidence on the issue of ineffectiveness of both trial and appellate counsel in this regard consisted of introduction of an excerpt from the Physicians' Desk Reference detailing the drug Prednisone, the testimony of trial and appellate counsel.  He did not offer any expert evidence that he actually suffered the side effects, and in fact, trial counsel testified the petitioner's treating physician would have testified the petitioner had not suffered any side effects.  In explaining why he did not pursue this matter, appellate counsel correctly testified that this court is one of appellate review, and as such, is limited to consideration of matters of record.  Further, appellate counsel was bound by the action or inaction of trial counsel in this regard.  We find there is only one conclusion that could be drawn from this evidence, particularly in light of the lower court's finding the evidence was insufficient as to the companion claim against trial counsel -- the petitioner has failed to establish ineffectiveness of appellate counsel.  Thus,

**12**

the trial court reached the correct conclusion. As such, the court's failure to make findings, though error, is harmless and does not require reversal.

The second issue on which the lower court failed to make findings which warrants further scrutiny is whether the appellate counsel was ineffective for failing to raise the question of sufficiency of the evidence on direct appeal. In light of our remand for consideration of that issue on the evidence, we direct the court on remand to memorialize its findings of fact and conclusions of law in accord with former Code section 40-35-118(b).

The judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

_____
CURWOOD WITT, JUDGE

CONCUR:


_____
JOE G. RILEY JR., JUDGE


_____
JOSEPH H. WALKER, III, SPECIAL JUDGE