# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JANUARY 1998 SESSION



FILED

May 19, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **ERNEST LAWSON,** | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 03C01-9608-CR-00286 |
| | ) | |
| vs. | ) | McMinn County |
| | ) | |
| **STATE OF TENNESSEE,** | ) | Honorable R. Steven Bebb, Judge |
| | ) | |
| Appellee. | ) | (Post Conviction) |

**FOR THE APPELLANT:**

**CHARLES M. CORN**
Public Defender
P.O. Box 1453
Cleveland, TN 37364-1453

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General & Reporter

**MICHAEL J. FAHEY, II**
Assistant Attorney General
425 Second Ave. North
Second Floor, Cordell Hull Bldg.
Nashville, TN 37243-0494

**JERRY N. ESTES**
District Attorney General

**AMY F. ARMSTRONG**
Asst. District Attorney General
P.O. Box 647
Athens, TN 37371-0647

**OPINION FILED:**_____

**AFFIRMED**

**CURWOOD WITT, JUDGE**

## OPINION

The petitioner, Ernest Lawson, appeals the McMinn County Criminal Court's dismissal of his petition for post conviction relief. Lawson was convicted of possession of marijuana and possession of cocaine for resale following a jury trial and received an effective twelve year sentence. On direct appeal to this court, his convictions were affirmed and his effective sentence modified to ten years. State v. Ernest Lawson, No. 185 (Tenn. Crim. App., Knoxville, June 18, 1991), perm. app. denied (Tenn. 1992) ("Ernest Lawson I"). The supreme court denied review of his case on May 4, 1992. Thereafter, Lawson filed his pro se post-conviction petition on July 19, 1993. The petition was summarily dismissed by the court below. On appeal, this court found error in that dismissal and reversed and remanded the case for appointment of counsel and further proceedings under the Post Conviction Procedure Act of 1967.[1]  Ernest Lawson v. State, No. 03C01-9401-CR-00037 (Tenn. Crim. App., Knoxville, July 7, 1994) ("Ernest Lawson II"). The court below appointed counsel and allowed the petitioner an opportunity for a hearing. Lawson chose not to present evidence at the time allotted for his hearing and asked the court to consider his allegations based solely upon review of the record of trial. The lower court found his allegations without merit and dismissed the petition. In this appeal of that adverse determination, Lawson claims the trial court erred in finding he was afforded the effective assistance of counsel at trial and in failing to state its specific findings of fact and conclusions of law as to each allegation of the petition on the record or in an order. Following a review of the record, we affirm the trial court's dismissal of Lawson's petition.

I

---

[1]Tenn. Code Ann. § 40-30-101 to -124 (1990 and Supp. 1994) (repealed 1995).

First, we take up the issue of whether the trial court erred in failing to recite its findings of fact and conclusions of law as to each allegation of the petition. Lawson claims the "order dismissing the petition should be set aside and/or the case should be remanded" with instructions for the trial court to provide its findings and conclusions. The state has chosen not to respond to this issue in its brief.[2]

Former Code section 40-30-118 requires that

> Upon the final disposition of every petition, the court shall enter a final order, and except where proceedings for a delayed appeal are allowed, shall set forth in the order or a written memorandum of the case all grounds presented and shall state the findings of fact and conclusions of law with regard to each such ground.

Tenn. Code Ann. § 40-30-118(b) (1990) (repealed 1995). The record clearly reflects the trial court's failure to meet the statutory requirements in either its oral or written orders. Thus, the question becomes whether this failure requires reversal.

This court has interpreted the language of section 40-30-118(b) to be mandatory. See, e.g., Brown v. State, 1 Tenn. Crim. App. 462, 467, 445 S.W.2d 669, 671 (1969). To be sure, the requirement is in place to facilitate appellate review of the trial court's determinations. State v. Swanson, 680 S.W.2d 487, 489 (Tenn. Crim. App. 1984). Nevertheless, the trial court's failure to comply with the section's requirement that it specifically state its findings and conclusions does not necessarily mandate reversal. See, e.g., State v. Higgins, 729 S.W.2d 288, 290-91 (Tenn. Crim. App. 1987); Swanson, 680 S.W.2d at 489. The rule that reversal is not always required is generally relied upon in cases where the trial court's findings and

---

[2]We take this opportunity to admonish parties and their attorneys appearing in this court that their briefs "shall contain" argument on the issues presented, citation to authorities, and references to the record. Tenn. R. App. P. 27(a), (b); Tenn. R. Ct. Crim. App. 10(b). This court is empowered to strike a deficient brief and direct the offending party or attorney to file a new brief and to impose costs on the offending party or attorney. See Tenn. R. Ct. Crim. App. 10(a).

conclusions are found in the record (such as in the court's oral pronouncements at the conclusion of the hearing) but not in the written order of dismissal. See, e.g., Higgins, 729 S.W.2d at 290-91. Additionally, the rule has been applied where the facts are undisputed. See Webb v. State, 4 Tenn. Crim. App. 723, 743, 475 S.W.2d 228, 236 (1971) (Galbreath, J., dissenting).

In the case before us, the trial court was asked to review the record of trial and determine whether the petitioner received the effective assistance of counsel. Specific complaints were lodged against counsel's performance. No testimonial evidence of the petitioner, his trial counsel, or the witnesses he claimed should have been called was offered in support of his claims. Thus, we perceive this situation to be one where the facts are undisputed, and the real issue is what conclusions should be drawn from those facts. The conclusion drawn from the facts was stated collectively -- the petitioner was not entitled to relief on any of the claims. In this situation, we find harmless the trial court's failure to make specific findings and conclusions as to each allegation. Reversal is not required.

## II

In the remaining issue, Lawson claims he was denied the effective assistance of counsel in numerous respects.[3] On appeal, he has challenged the dismissal of several of those claims. The state claims the trial court's result was correct as to all of the specific allegations of ineffective assistance, save one allegation in which the state failed to respond in its brief.[4]

---

[3]The petition raises several issues in addition to ineffective assistance; however, in his brief Lawson concedes that only the issue of ineffective assistance is properly before this court in light of our opinion in the previous appeal of this case. See Ernest Lawson II, slip op. at 3-4 (issue of ineffective assistance of counsel was not previously determined or waived, therefore, it was proper basis for post conviction claim).

[4]See supra, n.2.

4

In evaluating claims of ineffective assistance, the finder of fact must indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance and must evaluate counsel's performance from counsel's perspective at the time of the alleged error and in light of the totality of the evidence. Strickland v. Washington, 466 U.S. 690, 695, 104 S. Ct. 2066, 2069 (1984). The petitioner must demonstrate that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. Strickland, 466 U.S. at 695, 104 S. Ct. at 2069. A trial court's findings of fact following a post-conviction hearing have the weight of a jury verdict. Bratton v. State, 477 S.W.2d 754, 756 (Tenn. Crim. App. 1971). On appeal, those findings are conclusive unless the evidence preponderates against the judgment. Butler v. State, 789 S.W.2d 898, 900 (Tenn. 1990).

As discussed in section I above, the trial court failed to fulfill its obligations under Code section 40-30-118(b). As a result, there are no findings of fact to be afforded "the weight of a jury verdict." However, the record of trial amply supports the trial court's dismissal of each allegation challenged on appeal. In light of the trial court's deficient order, we briefly summarize the relevant facts which support the trial court's dismissal of each allegation of ineffectiveness raised on appeal.[5]

A very brief summary of the facts underlying Lawson's conviction is of assistance in understanding the ineffective assistance allegations presented. Lawson was stopped for speeding on Interstate 75 in McMinn County. A state trooper and an assistant district attorney general who was with the trooper at the

---

[5]We decline to address those issues raised in the petition which have not been challenged in this appeal.

time of the stop observed marijuana in the car Lawson was driving. The passenger compartment of the car was searched, and a small bag of marijuana was discovered underneath an arm rest. A further search of the trunk revealed a package wrapped in duct tape inside a shaving kit. The trooper opened the package and found 140 grams of cocaine.

Motion to Suppress

Lawson contends his trial attorney was ineffective in four particulars in his representation at the motion to suppress the fruits of the warrantless search of the vehicle.

First, he claims trial counsel failed to exploit the inconsistent testimony and attack the credibility of the trooper and assistant district attorney general who apprehended him. Contrary to his assertions, we find no inconsistency in the testimony about where marijuana was observed in the vehicle. Both the trooper and the assistant district attorney general testified they saw marijuana and marijuana residue in the seat and floorboard of the vehicle and a bag of marijuana underneath an arm rest. There was no inconsistency for trial counsel to exploit. Likewise, we find no merit in Lawson's claim counsel should have attacked the officer's and assistant district attorney general's credibility because the marijuana on the seat and floorboard was not tested and the marijuana was not introduced at trial. The record reveals that the marijuana found under the arm rest was tested and confirmed to be marijuana. An expert witness testified about the test results. A portion of the substance observed on the seat and floorboard included a marijuana leaf and marijuana seeds, which were recognized as such by the witnesses. We fail to see that counsel could have mounted a successful credibility attack in light of these facts of record.

Second, Lawson claims trial counsel should have attacked the trial court's finding at the motion to suppress that the defendant was trying to hide something after the trooper and assistant district attorney general initiated pursuit of him. The record reveals testimony which clearly supports the trial court's finding in this regard at the motion to suppress. The merits of the motion to suppress itself have been previously determined by this court on direct appeal. Ernest Lawson I, slip op. at 3-19. Moreover, we fail to see that counsel should have performed differently or that a different performance would have yielded a favorable result.

Third, Lawson claims the testimony is confusing regarding the location where the trooper and assistant DA were sitting on the interstate prior to his apprehension. We find no inconsistency in the record. Therefore, this allegation must fail.

In his final issue related to the motion to suppress, the defendant attacks trial counsel's choice of legal argument and reliance on decisional authority. This court engaged in a thorough review of the motion to suppress on direct appeal and found the trial court's determination proper. Ernest Lawson I, slip op. at 3-17. Thus, we are constrained to find that Lawson did not have a valid legal basis for challenging the search results he sought to have suppressed. In other words, a different tactic would not have produced a different result.

Motion for Continuance

Lawson finds fault with the level of vigor employed by counsel in seeking a continuance based upon then-President Bush's "War on Drugs" Speech given the evening before jury selection commenced. The record reflects that counsel ably argued the motion. Moreover, the propriety of the trial court's determination was considered by this court on direct appeal. Ernest Lawson I, slip

7

op. at 18.  We fail to see how a different tactic would have produced a different result.


Denial of Witnesses and Evidence

Lawson asks us to find fault with trial counsel's effectiveness (1) in arguing for a continuance based upon the absence of two witnesses who allegedly would support his defense,  (2) in failing to subpoena these witnesses, and (3) in failing to subpoena one of the witnesses' court records.  However, Lawson has not provided us with the testimony these witnesses would have offered had they been subpoenaed and/or the continuance been granted to obtain their presence.  Moreover, he has failed in this proceeding to produce the court records which allegedly would have assisted his defense.  As such, we can find no prejudice that has befallen him as a result of counsel's alleged shortcomings.


Fingerprint Evidence

In his next issue, Lawson attacks counsel's performance relative to trial testimony that fingerprint evidence was not collected from the vehicle Lawson was driving and its contents.  The assistant DA testified that fingerprint evidence was not collected because the materials found in the vehicle were not conducive to fingerprint collection, and further, Lawson was the only occupant of the car "so we knew his fingerprints are going to be all over the car."  Lawson claims counsel should have objected to this testimony and should have pointed out that Lawson's fingerprints were not found all over the car.  First, the record reflects that counsel requested a ruling about the admissibility of this evidence and obtained an adverse ruling.  Second, the evidence does reflect that none of Lawson's fingerprints were found; the assistant DA testified that no fingerprint evidence was collected and the trooper testified he was unaware of any collection of fingerprint evidence.  The record fails to support any deficient performance of counsel.

8

## Withdrawn Question

Next, Lawson takes issue with counsel's withdrawal of a question asked of a state trooper about the identity of the individuals present during a discussion with Lawson about helping law enforcement catch other individuals involved in drug trafficking. The record reflects that the trooper had testified inconsistently on the issue, and counsel effectively brought that out through cross-examination. The question was withdrawn after the court ruled it had been asked and answered. Additionally, we see no way a different result could have been obtained had counsel handled his cross-examination of this witness differently on this point.

## Inventory Form

Lawson's next grievance is that his trial counsel failed to obtain the vehicle inventory form prior to trial and that counsel's failure to do so resulted in unpreparedness. He has failed to demonstrate that counsel could have or would have proceeded differently had he known the contents of the vehicle inventory form prior to trial, and the record fails to reveal that the inventory form provided any information which would have brought about a different result had counsel been aware of it before trial.

## Stipulated Chain of Custody

Lawson finds fault with trial counsel's stipulation to the chain of custody of the cocaine. He claims counsel should have required strict proof; however, he offered no evidence of any deficiency in the chain of custody, and the record fails to demonstrate any shortcoming. Thus, we find no fault in counsel's stipulation nor any resulting prejudice.

## Rebuttal Witness Testimony

Lawson's next complaint is with trial counsel's failure to renew a motion to strike the testimony of a rebuttal witness and in his failure to request an instruction that the evidence of a drug transaction between Lawson and the witness was for purposes of rebuttal of Lawson's testimony and not evidence of the transaction itself. At trial, Lawson testified he had never sold cocaine nor dealt with individuals who sold cocaine. He was cross-examined thoroughly and maintained his position. In rebuttal, an undercover narcotics agent from the State of Ohio testified she had purchased cocaine from Lawson on two occasions. First, we see no benefit from renewing a motion to strike after it had been overruled. We upheld the admissibility of this evidence in Lawson's direct appeal. Ernest Lawson I, slip op. at 19. Second, we are unable to determine the merits of counsel's effectiveness on the jury instruction issue. The charge has not been made a part of the post conviction record, and it is not contained in the record of Lawson's direct appeal. Further, Lawson has failed to cite any authority compelling the necessity of this instruction.[6] See Tenn. R. Ct. Crim. App. 10(b).

Cumulative Effect of Errors

Finally, Lawson claims the cumulative effect of the aforementioned actions and inactions of counsel amounted to ineffective assistance at trial. Because we have found no merit in any of these allegations, we conclude Lawson was not deprived of effective counsel based on cumulative shortcomings.

In summary, the record before us fails to demonstrate any error requiring reversal. The judgment of the trial court is affirmed.

---

[6]See supra, n.2.

10

_____
CURWOOD WITT, JUDGE

CONCUR:


_____
GARY R. WADE, PRESIDING JUDGE



_____
JOSEPH M. TIPTON, JUDGE