# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## MAY, 1997 SESSION

FILED

September 5, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **GEORGE F. JONES, JR.,** | ) | |
| | ) | |
| Appellee, | ) | No. 03C01-9606-CR-00227 |
| | ) | |
| vs. | ) | Grainger County |
| | ) | |
| **STATE OF TENNESSEE,** | ) | Honorable Rex Henry Ogle, |
| | ) | Judge |
| | ) | |
| Appellee. | ) | |
| | ) | (Post-Conviction) |

FOR THE APPELLANT:

DAVID B. HILL
301 E. Broadway
Newport, TN 37821

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

MICHAEL J. FAHEY, II
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

ALFRED C. SCHMUTZER
District Attorney General
125 Court Ave. Rm. 301-E
Sevierville, TN 37864-4245

Richard R. Vance
Assistant District Attorney General
339-A E. Main St.
Newport, TN 37821

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT
JUDGE

OPINION


The petitioner, George F. Jones, Jr., appeals pursuant to Rule 3, Tennessee Rules of Appellate Procedure, from the Grainger County Circuit Court's denial of post-conviction relief. The petitioner was convicted in 1991 of four counts of aggravated rape and received an effective twenty-year sentence. His conviction was affirmed on direct appeal to this court. State v. Jackie Ray Coffman and George Jones, No. 03C01-9203-CR-65 (Tenn. Crim. App., Knoxville, Jan. 7, 1993). Jones filed a petition for post-conviction relief on Jan. 21, 1994, alleging various violations of his constitutional rights. The trial court appointed counsel and held a hearing on October 23, 1994. At the hearing, the petitioner relied solely on his claim that he had been denied effective assistance of counsel. The trial court denied the petition at the close of the hearing, finding that defense counsel had not been ineffective.


We affirm the judgment of the trial court.


The charges in this case arose out of a series of rapes committed by the petitioner and several co-defendants when they were incarcerated in the Grainger County Jail. Teddy Bryant, one of the co-defendants, had accused the victim of being a snitch. The rapes, which included both anal and oral intercourse, continued over a period of at least four days and were accompanied by other physical and emotional abuse. At the conclusion of the trial, the jury found the petitioner and the co-defendant, Jackie Coffman, guilty of four counts of aggravated rape. Teddy Bryant was convicted of two counts of aggravated assault.

At the post-conviction hearing, the petitioner contended that his trial counsel was ineffective because she failed to have any DNA testing done, that she failed to take appropriate actions that would have resulted in the trial court's granting a motion to change venue and a motion to sever, that by giving the petitioner faulty advice she denied him his right to testify at trial, and that she did not interview or call witnesses who would have testified favorably on his behalf.

Trial counsel, Lu Ann Ballew, also testified at the hearing.[1] In her testimony, she admitted she had failed to attach affidavits to the motions to change venue and to sever. She also testified that she knew of only one newspaper article that mentioned the crime and that her attempts to interview the Grainger County sheriff had come to naught because the sheriff refused to speak to her.[2] Her file indicated that either she or an investigator had interviewed approximately thirty potential witnesses. However, she had never spoken to either Coffman or Bryant because they were represented by counsel and, like the petitioner, denied that they had either harassed, beaten or raped the victim. She denied she told the petitioner that he need not testify because there was no corroboration for the victim's statements. She said that after the state rested, she, the petitioner, Coffman and his counsel conferred in the hall. At that time, both defendants admitted to having sex with the victim but claimed that it was consensual. Since this was a complete reversal of their previous story and tended to discredit the position the defense had taken throughout the state's proof, she advised the petitioner not to testify but told him that it was his decision to make. She had never considered DNA testing

_____

[1] At time of trial, Ms. Ballew had not yet married. Her name at that time was Lu Ann Hatcher.

[2] The petitioner implies that the sheriff manufactured the rape charges because he believed that the petitioner's sentence in a prior case was too lenient.

because the long time period between the events and the physical examination of the victim made the existence of such evidence unlikely.[3]

In this appeal, the petitioner alleges that trial counsel was ineffective for failing to file affidavits in support of her motions to change venue and to sever and that she did not conduct an adequate investigation or interview favorable witnesses. Although not raised below, the petitioner also contends that the indictments in this cause were fatally defective because they failed to allege a specific mens rea for the crime of aggravated rape. Before we address the issues related to the denial of post-conviction relief, we must resolve the second issue.

**Sufficiency of the Indictment**

In his brief, the petitioner contends that, based on this court's decision in State v. Roger Dale Hill, No. 01CO1-9508-CC-00267 (Tenn. Crim. App., Nashville, June 20, 1996), perm. app. granted (Tenn. 1997), the indictments in this cause were fatally defective. Although defense counsel raised the issue of insufficient indictments prior to trial and in the motion for new trial, the matter was not pursued on direct appeal nor did the petitioner raise it before the post-conviction court. However, since the issue raised is jurisdictional, we will consider the issue.

---

[3] The nineteen-year old victim was transferred from the Grainger County Jail to the jail in Union County on November 13, 1989. After complaining of bruises and a bumped head, he was taken to Knox County where he was examined at St. Mary's Hospital. The victim did not report any sexual abuse to the examining doctors at that time. He admitted being raped several weeks later when a Grainger County detective questioned him about allegations made by other inmates. In his testimony, he said that at first he was embarrassed to talk about the rapes and that he didn't want his family and friends to know what had happened to him.

Tenn. R. App. P. 13(b); Tenn. R. Crim. P. 52(b); State v. Phillip Ray Griffis and Melissa Faith Rogers, No. 01CO1-9506-CC-00201 (Tenn. Crim. App., Nashville, Apr. 30, 1997), Griffis' perm. app. filed (Tenn. 1997).

The grand jury issued indictments which charged that the petitioner on a certain date "did unlawfully, sexually penetrate Jerold Lowe by force or coercion while aided and abetted by one or more persons, in violation of T.C.A. § 39-13-502." The petitioner alleges that these indictments are fatally defective because they fail to allege a specific mens rea for the crime of aggravated rape. We find that the indictment sufficiently apprised the petitioner of the offense charged and is valid.

Tennessee law requires that an indictment "state the facts constituting the offense in ordinary and concise language. . . in such a manner as to enable a person of common understanding to know what is intended. . . ." State v. Marshall, 870 S.W.2d 532, 537 (Tenn. Crim. App. 1993) (quoting Tenn. Code Ann. § 40-13-202). An indictment is sufficient even though an element is not specifically alleged if the language is such that the defendant cannot fail to be apprised of its elements. State v. John Haws Burrell, No. 03C01-9404-CR-00157, slip op. at 27-28 (Tenn. Crim. App., Knoxville, Feb. 11, 1997), perm. app. filed April 12, 1997.

Sexual penetration by coercion necessarily implies the act occurred intentionally or knowingly. John Haws Burrell, slip op. at 31. "'Coercion' means threat of kidnapping, extortion, force or violence to be performed immediately or in the future. . . ." Tenn. Code Ann. § 39-13-501(1)(1991). A person of common understanding would recognize that if a person uses threats in order to sexually

5

penetrate another, the penetration must be intentional. <u>State v. John Haws Burrell</u>, slip op. at 31.

The wording of the indictments in this instance satisfies the constitutional requirement that an indictment state "the nature and cause of the accusation," Tenn. Const. Art 1, § 9, and the culpable mental state is sufficiently alleged in the language of the indictment.

**Ineffective Assistance of Counsel**

In post-conviction proceedings, the petitioner has the burden of proving the grounds raised in the petition by a preponderance of the evidence. <u>Clark v. State</u>, 800 S.W.2d 500, 506 (Tenn. Crim. App. 1990). When reviewing the dismissal of a post-conviction petition, this court must affirm the judgment of the trial court unless the evidence in the record preponderates against the court's findings. <u>Cooper v. State</u>, 849 S.W.2d 744, 746 (Tenn.1993).

In Tennessee, the accused has a constitutional right to the effective assistance of counsel at all critical stages of a criminal prosecution. Tenn. Const. art. I, § 9; <u>Powell v. Alabama</u>, 287 U.S. 45 (1932); <u>McKeldin v. State</u>, 516 S.W.2d 82, 86 (Tenn.1974). In order to establish ineffectiveness under the standard established by the United States Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 , 104 S.Ct. 2052 (1984), a criminal defendant must show both that counsel's performance was deficient and that the deficiency is sufficient to undermine confidence in the outcome of the proceeding. 466 U.S. at 694, 104 S.Ct. at 2064. In Tennessee, the appropriate test for determining whether counsel provided effective assistance is whether his advice and services were within the

6

range of competence demanded of trial attorneys in criminal cases.  <u>Baxter v. Rose</u>,

523 S.W.2d 930, 936 (Tenn.1975).

The rules of appellate review are well-established.  First, this court

cannot reweigh or reevaluate the evidence; nor can it substitute its inferences for

those drawn by the trial court.  <u>State v. Harris</u>, 839 S.W.2d 54, 75 (Tenn. 1992).

Second, questions concerning the credibility of witnesses, the weight and value to

be given their testimony, and the factual issues raised by the evidence are matters

resolved by the trial court.  <u>State v. Williams</u>, 657 S.W.2d 405, 410 (Tenn. 1983).

 Third, the petitioner has the burden of establishing that the evidence in the record

preponderates against the findings of the trial court.  <u>Butler v. State</u>, 789 S.W.2d

898, 900 (Tenn. 1990).

At the conclusion of the hearing, the trial judge dismissed the petition

finding that counsel had advised the defendant appropriately regarding his right to

testify or not testify at trial; that the motions for change of venue and for severance

had been considered and appropriately denied despite counsel's failure to file an

affidavit; that counsel had exhaustively investigated the case; that various witnesses

corroborated the victim's statements; and that the evidence against the petitioner

was overwhelming.[4]

---

[4]    On March 15, 1996, the trial judge entered the following written
order:
>    This cause came to be heard on the 23rd day of October
>    1995 before the Honorable Rex Henry Ogle, Circuit Court Judge
>    upon the Petition for Post-Conviction relief file (sic) by the
>    petitioner.  Upon appearance of counsel for the parties, testimony
>    of witness, statements of counsel for the parties and the record as
>    a whole, the court is of the opinion that the petition is without merit
>    and the same should be dismissed.

We note that Tenn. Code Ann. § 40-30-118(b) requires that the trial court
"shall set forth in the order or a written memorandum of the case all grounds
presented and shall state the findings of fact and conclusions of law with regard

The record supports the trial court's factual findings. Counsel's testimony was rebutted only by the petitioner himself. Questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are matters resolved by the trial court. State v. Williams, 657 S.W.2d 405, 410 (Tenn.1983). Trial counsel testified that her advice regarding the petitioner's testimony was based on the petitioner's sudden change of story, and that she and an investigator had conducted an intensive investigation in which they interviewed numerous witnesses. The trial judge specifically accredited the attorney's testimony.

The petitioner contends that Jackie Coffman would have testified that the petitioner had not participated in the assaults. The attorney testified that she was never made aware of this possibility. The petitioner bears the burden of presenting such a witness at the evidentiary hearing. Black v. State, 794 S.W.2d 752, 753 (Tenn. Crim. App. 1990). Unless the witness testifies, the petitioner fails to establish the prejudice prong mandated by Strickland v. Washington. Black, 794 S.W.2d at 753. Neither Coffman nor any other potential witness testified at the post-conviction hearing. Absent proof of any prejudice, we cannot conclude that Coffman's failure to testify at trial undermines confidence in the trial's outcome. Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 2064 (1984).

_____

to each such ground." Failure to comply with this directive does not necessarily require that the case be remanded to the trial court if the trial court orally pronounced its findings from the bench. State v. Higgins, 729 S.W.2d 288, 290-291 (Tenn. Crim. App. 1987). In this case, since the record contains the reasons the trial judge dismissed the petition and the record on appeal is sufficient to allow for meaningful review, we find it unnecessary to remand this case for further findings. See Swanson v. State, 680 S.W.2d 487, 489 (Tenn. Crim. App. 1984).

Moreover, the petitioner in this instance has failed to demonstrate that he was prejudiced by counsel's failure to attach affidavits to motions presented to the trial court. Even if trial counsel had attached an affidavit to the motion for change of venue, the trial court found that it would not have granted the motion based on the existence of a single newspaper article. Nothing in the record indicates that pre-trial publicity or public attitudes were such that the petitioner was denied a fair trial in Grainger County. Both the motion to sever and the motion to change venue were considered by the trial court and were denied. This court affirmed the denials on appeal finding that the victim's jail uniform would have been equally admissible at the petitioner's trial and that the trial court had not abused its discretion in denying either motion.

The petitioner has not met his burden of proving the allegations in his post-conviction petition by a preponderance of the evidence. Based upon our review of the record before us, we conclude that the petitioner has not demonstrated that he received ineffective assistance of counsel or that he was prejudiced in any way by the alleged deficiencies. Therefore, we affirm the post-conviction court's dismissal of appellant's petition for post-conviction relief.

_____
CURWOOD WITT, Judge

CONCUR:

_____
JOE B. JONES, Presiding Judge

9

_____
JOSEPH M. TIPTON, Judge