**STATE of Tennessee, Appellee,**

v.

**Huey HIGGINS, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Jan. 14, 1987.

Permission to Appeal Denied by Supreme Court March 30, 1987.

J. Stephen Brown, Lebanon, for appellant.

W.J. Michael Cody, Atty. Gen., Nashville, Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Nashville, Guy Yelton, Asst. Dist. Atty. Gen., Lebanon, for appellee.

## OPINION

LLOYD TATUM, Special Judge.

This is an appeal by Huey Higgins from a judgment denying post conviction relief without an evidentiary hearing. On this appeal, the appellant presents three issues for review which we find to be without merit.

In the first issue, the appellant apparently contends that the trial court erred in considering the State's answer and supplemental answer to the petition for post conviction relief. The basis for this contention is that the response to the petition for post conviction relief was untimely filed.

The petition for post conviction relief was filed on July 15, 1985. The State's initial answer to the petition was filed November 18, 1985. While such filing was clearly more than 30 days beyond the time of the filing of the petition, the record does not reveal when the State received notice of the filing of the petition. There is no certificate on the petition that the petitioner served a copy of the same upon the office of the District Attorney General. A supplemental answer was filed with permission of the court subsequent to the time the State filed its initial answer. In the supplemental answer, the State raised the issue as to whether the alleged ground for post conviction relief was waived by the failure of the appellant to assign his grounds for post conviction relief in the motion for a new trial and on direct appeal.

■ T.C.A. § 40–30–114(a) provides that the State shall file its answer "within thirty (30) days after receiving notice of the docketing (of the petition) or within such time as the court orders." As stated, the record does not reveal when the State received notice of the docketing of the petition. The supplemental or amended answer was filed in accordance with the order of the court. We do not find that the court abused its discretion in permitting an amendment to the answer by the supplemental answer. This issue is without merit.

■ In the next issue, the appellant contends that the trial court erred in denying his petition for post conviction relief without an evidentiary hearing on the merits of the allegations contained in the petition.

The petition alleges as grounds for post conviction relief the following:

"11. The following is a clear and concise statement of the grounds on which Petitioner basses (sic) his present petition.

(a) Petitioner was denied due process by the denial of a continuance when defense counsel alleged the Tennessee Department of Human Services made deletions in its report of the incidents in question. While it might be argued that state collateral relief is precluded because of a 'waiver' on direct appeal, see T.C.A. § 40–30–112, the Tennessee courts should be given the opportunity to determine this. Wheather (sic) a knowing and intelligent waiver has occurred under state law so as to preslude (sic) state collateral relief is a question the courts of Tennessee should determine. See *Wilson v. Fogg*, 571 F.2d 91 (2nd Cir.1978).

(b) Petitioner alleges a coercion of state witnesses by the Tennessee Department of Human Services to give testimony against petitioner. Counsel for defense noted that the copies of reports he received were replete with both deletions, portions of the reports had also been altered in other manners, thus making it impossible for defense counsel to ascertain the validity of what statements were in fact, accusations detailed by the complaintant, (sic) petitioner's stepdaughter."

There was a direct appeal to this court where the case was reviewed and the judgment of the trial court convicting the defendant of incest was affirmed. Permission to appeal was requested to the Supreme Court and denied.

The record affirmatively reveals that prior to the trial of this case, the appellant was aware of the refusal to grant a continuance. With respect to the ground alleged in paragraph 11(b), of the post conviction relief, the trial court stated:

"I don't think that he has any grounds in sub-section (a), under paragraph 11 of the motion for post conviction relief for relief, but insofar as coercion from the Department of Human Services into the testimony of the alleged victim, the

Court found no irregularities in that, and as General Yelton suggest, (sic) did have an out of court hearing in chambers and certain disclosures were made to the Court and the Court ruled at that time that they were not necessary to be brought before the jury...."

Thus, the record affirmatively reveals that the facts upon which the appellant now prays for post conviction relief, were known to him prior to the time of the filing of his motion for a new trial and the perfection of his direct appeal. No reason is stated in the petition for post conviction relief why these issues were not presented on direct appeal. The appellant says that he should have been given an opportunity to prove that he did not "knowingly and intelligently" waive these issues; however, there are no facts alleged in the petition that would support a conclusion that the waiver was not "knowingly and intelligently" made.

T.C.A. § 40–30–104(10), requires that the petitioner state in his petition for post conviction relief "facts establishing the grounds on which the claim for relief is based, whether they have been previously presented to any court and, *if not, why not.*" (Emphasis supplied) As previously stated, the petition did not allege "why" the grounds were not previously presented. Counsel was appointed for the appellant and we must presume that if legal reasons existed for not previously presenting these questions to an appropriate court for review, these reasons would have been stated in the petition for post conviction relief or by appropriate amendment thereto. Since the appellant was aware of these alleged grounds, it is essential that he state why they were not presented on direct appeal. This issue is overruled.

■ Finally, the appellant contends that the court erred in its failure to state in its final order its findings of fact and conclusions of law with regard to each issue asserted as required by T.C.A. § 40–30–118(b). The appellant is correct in that the findings of fact and conclusions of law are not stated in the final order or by a separate written memorandum. However, the

trial court orally pronounced his findings from the bench rendering the error harmless.

It results that the judgment of the trial court is affirmed.

DUNCAN and CORNELIUS, JJ., concur.