IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
September 12, 2000 Session

## JULIUS PARKER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County
No. P-19467   Joseph B. Brown, Judge**

_____

**No. W1999-01327-CCA-R3-PC - Filed October 23, 2000**

_____

Because the petitioner, Julius Parker, who was convicted of aggravated robbery and felony murder, received the effective assistance of counsel at trial, he is not entitled to post-conviction relief.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed.**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Alicia A. Howard, Memphis, Tennessee, for the appellant, Julius Parker.

Paul G. Summers, Attorney General & Reporter, Michael E. Moore, Solicitor General, J. Ross Dyer, Assistant Attorney General, and Scott Gordon, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner, Julius Parker, appeals the trial court's denial of his petition for post-conviction relief. The single issue presented for review is whether the petitioner was deprived the effective assistance of counsel at trial. Because the evidence does not preponderate against the trial court's finding that the petitioner was not denied the effective assistance of counsel, the judgment is affirmed.

In October 1995, a jury convicted the petitioner of aggravated robbery and felony murder. In April 1997, this court affirmed the convictions. State v. Julius E. Parker, No. 02C01-9606-CR-00188 (Tenn. Crim. App., at Jackson, April 23, 1997). On January 29, 1998, the petitioner filed a pro se petition for post-conviction relief. Counsel was appointed to represent the petitioner and subsequent to an evidentiary hearing, the trial court denied relief.

The petitioner claimed that counsel failed to properly investigate his case, failed to call crucial witnesses, and failed to adequately develop the facts of the case before the jury. At the evidentiary hearing, the petitioner claimed that trial counsel failed to present a sufficient number of

witnesses, or to adequately question those witnesses presented, so as to develop his claim that he did not actively participate in the robbery and shooting which formed the basis for his convictions. Furthermore, the petitioner claimed that trial counsel failed to utilize the information that the petitioner provided him regarding co-defendant Jerome Moss. He claimed to have "affidavits" from Moss indicating that the state was "forcing" Moss to testify against him at trial; however, Moss pled guilty and testified against the petitioner at trial in exchange for a 45-year sentence.

Trial counsel testified at the evidentiary hearing that he met with the petitioner a number of times in preparation for trial. He investigated the case, consulted with co-defendants' counsel, viewed the crime scene, obtained discovery from the state, and tried to negotiate an acceptable plea agreement. Furthermore, trial counsel spoke with various witnesses and searched for other possible witnesses whose names, Amos Wilson and Pamela Wiggins, had been supplied by the petitioner. He never found Wilson, who did not testify. Wiggins did testify at trial that the petitioner and co-defendant Moss did not get along well. The testimony established possible bias on the part of Moss; however, Wiggins further testified that the petitioner admitted to participation in the robbery. Trial counsel also testified that he advised the petitioner of his rights and options and that he discussed with the petitioner the decisions he had to make.

According to trial counsel, he developed a strategy to discredit the state's primary witness, Jerome Moss. Through his examination of witnesses, trial counsel, as indicated, established Moss's possible bias against the petitioner and developed a likely motive for his serving as a witness for the state. The petitioner testified in his own behalf and trial counsel presented a witness, Cecil Dodson, who testified that the petitioner was not present when the fatal shooting occurred at a neighborhood convenience market.

After hearing testimony from the petitioner and his trial counsel, the trial court ruled from the bench, in pertinent part, as follows:

    (1)    Trial counsel directed his assistance "toward a coherent strategy to discredit [co-defendant Moss's] testimony."

    (2)    The petitioner gave an admission of presence and participation in the events, and did not legally withdraw from the conduct engaged in by his co-defendants.

    (3)    The jury received the testimony of witnesses desired by the petitioner, although Pamela Wiggins' testimony may not have been as expected in that it revealed the petitioner's admission of active participation in the crime.

    (4)    Trial counsel performed adequately, and the petitioner failed to carry his burden of establishing ineffective assistance of counsel by a preponderance of the evidence.

Although the trial court is required to set forth written findings of fact and conclusions of law for each claim raised in a post-conviction petition, Tenn. Code Ann. § 40-30-211(b), where the trial court orally pronounces its findings from the bench, failure to recite its findings and conclusions in the final order does not necessarily require reversal, State v. Higgins, 729 S.W.2d 288, 290-91 (Tenn. Crim. App. 1987); State v. Swanson, 680 S.W.2d 487, 489 (Tenn. Crim. App. 1984).

A post-conviction petitioner claiming ineffective assistance of trial counsel must prove (1) that the attorney's performance was deficient, and (2) that the deficient performance resulted in prejudice to the petitioner so as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996). The proof must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Strickland, 466 U.S. at 689; State v. Burns, 6 S.W.3d 453, 462 (Tenn. 1999). To prove a deficiency, trial counsel's actions must be shown "to fall below an objective standard of reasonableness under prevailing professional norms." Goad, 938 S.W.2d at 369 (citing Strickland, 466 U.S. at 688. The fact that a particular strategy or tactic failed or hurt the defense does not, standing alone, establish unreasonable representation. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997); Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

The trial court's findings of fact on post-conviction hearings are conclusive on appeal. Burns, 6 S.W.3d at 461. This court is bound by those findings unless the evidence in the record preponderates against them. Henley, 960 S.W.2d at 578; Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). We may not reweigh or reevaluate the evidence; nor may we substitute our inferences for those drawn by the trial court. Henley, 960 S.W.2d at 578-79; Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996). The burden of establishing that the evidence preponderates against the trial court's findings is on the petitioner. Henley, 960 S.W.2d at 579; Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

At the evidentiary hearing, the petitioner presented only his own testimony and that of trial counsel. Based on that testimony, the post-conviction court concluded that trial counsel adequately represented the petitioner at trial. We agree. The petitioner has failed to demonstrate that trial counsel's performance was deficient.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE