IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 10, 2002

## ROBERT L. FREEMAN v. STATE OF TENNESSEE[1]

**Direct Appeal from the Criminal Court for Sumner County**
**No. 544-1998    Jane W. Wheatcraft, Judge**

---

**No. M2000-00904-CCA-R3-PC - Filed May 10, 2002**

---

The petitioner originally pled guilty pursuant to a negotiated plea agreement to one count of aggravated assault for an agreed eight-year sentence as a Range II multiple offender. He timely sought post-conviction relief, which was denied by the post-conviction court. In this appeal, the petitioner contends his trial counsel was ineffective, and his guilty plea was involuntary. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Randy P. Lucas, Gallatin, Tennessee, for the appellant, Robert L. Freeman.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and Cara E. Loeffler, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### BACKGROUND

The following facts are gleaned from the prosecutor's recitation at the guilty plea submission hearing, where the defendant pled guilty to the instant aggravated assault offense and various other offenses. The petitioner was arrested on March 30, 1998, on unrelated charges. While in the jail's

---

[1]Although the petitioner's original judgment form lists his name as "Robert L. Freeman Black," the original and amended petitions for post-conviction relief and orders of this court omit the name "Black." We shall continue to refer to the petitioner as "Robert L. Freeman."

hallway, he attacked an officer, pushing him into several crates. The broken arm sustained by the officer necessitated three surgeries and forced the officer into retirement.

## POST-CONVICTION HEARING

The petitioner testified his plea was unknowing and involuntary because, in retrospect, he felt he could "beat" some of the charges; however, since the state insisted on a package deal for this and other misdemeanor and felony charges, trial counsel's advice that the sentence could be greater if he went to trial "scared" him into accepting the plea. The petitioner further testified counsel failed to explain the discrepancies between the various witnesses' versions of the incident with the officer, which petitioner believed might help his theory of self-defense.

On cross-examination, the petitioner conceded counsel made discovery information available to him prior to the plea acceptance hearing; counsel met with him in prison prior to the plea acceptance hearing; counsel went over all possible outcomes and "gave [him] all the ifs;" and petitioner had pled guilty to felonies on two prior occasions.

Trial counsel testified he met with the petitioner prior to entry of the plea. He further testified he examined all underlying documents; he provided the petitioner with discovery information; he interviewed the victim and witnesses; he explained the details of the plea offer; and he bartered the agreement with the prosecutor going "back and forth" prior to reaching the plea agreement. Counsel conceded the petitioner was not "happy" with pleading guilty to this offense, but stated it was the petitioner's choice to plead after he explained all the pertinent information. He further disputed the petitioner's characterization of the eyewitness reports concerning the incident with the officer, and stated "the essentials of the reports were the same."

The post-conviction court, after hearing the testimony, carefully reviewed all the facts and found no deficiencies by trial counsel. The post-conviction court noted the alleged discrepancies of the witnesses' statements were not significant. The post-conviction court further concluded the guilty plea was knowingly and voluntarily entered.

## ANALYSIS

### A. Post-Conviction Standard of Review

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). The trial court's findings of fact are afforded the weight of a jury verdict, and this court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App.

1997).  This court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge.  State v. Honeycutt, 54 S.W.3d 762, 766 (Tenn. 2001).

## B.  Ineffective Assistance of Counsel

When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the petitioner bears the burden of proving (1) that counsel's performance was deficient, and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings were fundamentally unfair.  Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).  When a petitioner claims ineffective assistance of counsel in relation to a guilty plea, the petitioner must prove that counsel performed deficiently, and, but for counsel's errors, petitioner would not have pled guilty but would have, instead, insisted upon going to trial.  Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985).  The petitioner bears the burden of proving by clear and convincing evidence the factual allegations that would entitle petitioner to relief.  Tenn. Code Ann. § 40-30-210(f).

## C.  Our Determinations

Initially, we note the trial court announced its findings at the conclusion of the hearing, and there are no written findings in the technical record.  Following a post-conviction hearing, a trial court is required to enter written findings of fact and conclusions of law addressing all grounds for relief.  *See* Tenn. Code Ann. § 40-30-211(b); Tenn. Sup. Ct. R. 28, § 9(A).  Nevertheless, the trial court's oral pronouncement of its findings from the bench does not necessarily require reversal and can be harmless error.  *See* State v. Higgins, 729 S.W.2d 288, 290-91 (Tenn. Crim. App. 1987).  Here, the post-conviction court's findings and conclusions are sufficiently comprehensive to allow for proper appellate review; hence, the failure to enter written findings and conclusions was harmless.  Tenn. R. App. P. 36(b).

We agree with the post-conviction court that the record adequately establishes petitioner's counsel was not deficient in any way.  Furthermore, although the petitioner correctly asserts that a guilty plea must be knowingly and voluntarily entered, there is no indication in the record that his plea ran afoul of this requirement.  The evidence does not preponderate against the findings of the post-conviction court.  It appears the petitioner is suffering from a classic case of "Buyer's Remorse," in that he is no longer satisfied with the plea for which he bargained.  A plea, once knowingly and voluntarily entered, is not subject to obliteration under such circumstances.

We affirm the judgment of the trial court.

_____

JOE G. RILEY, JUDGE