IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 19, 2010

**LESTER ARNOLD CLOUSE v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Putnam County**
**Nos.  01-0360, 99-0620     Allen W. Wallace, Judge**

**No. M2009-01042-CCA-R3-PC - Filed July 7, 2011**

The petitioner, Lester Arnold Clouse, requests that this court grant him a new post-conviction hearing, asserting that the post-conviction court below did not address all of the issues raised in his petition for post-conviction relief nor did it memorialize its findings of fact and conclusions of law in writing as required by statute.  After reviewing the entire record, including the transcript of the original post-conviction hearing, we conclude that the order filed by Judge Wallace is sufficient for appellate review as it adopted the earlier oral findings of fact made by Judge Sells.  All other issues are waived for failing to file an adequate record for review and for failing to provide appropriate citations to the record.  Therefore, we affirm the judgment of the post-conviction court denying the petitioner post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which DAVID H. WELLES and D. KELLY THOMAS, JR., JJ., joined.

John Wayne Allen, Cookeville, Tennessee, for the appellant, Lester Arnold Clouse.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; Randall A. York, District Attorney General; and Howard Chambers, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In October of 1999, a series of wildfires was set over four counties in Tennessee's upper Cumberland area, including DeKalb County, Putnam County, Smith County, and White County.  The petitioner was brought up on numerous charges pertaining to the setting of these fires in at least three of these counties.  After several trials, the petitioner was convicted of various crimes in Putnam County and White County but acquitted on all counts

in DeKalb County. This appeal concerns his legal proceedings in Putnam County, where he was found guilty after trial by jury of twelve counts of setting fire to land, in violation of Tennessee Code Annotated section 39-14-303. The petitioner was sentenced to six years on each of the twelve counts, with some of the counts running consecutively and others running concurrently, resulting in a total effective sentence of eighteen years. The petitioner appealed his convictions and sentences, which were affirmed by a panel of this court. *State v. Lester Arnold Clouse*, No. M2002-01880-CCA-R3-CD (Tenn. Crim. App. at Nashville, Feb. 2, 2004), *perm app. denied* (Tenn., Sept. 7, 2004).

Sometime later, the petitioner filed a petition for post-conviction relief alleging, *inter alia*, ineffective assistance of counsel. The Honorable Lillie Ann Sells heard arguments from both sides on January 30, 2006. Afterward, Judge Sells denied the petition and made detailed oral findings on the record concerning the petitioner's claims. However, Judge Sells was defeated in her bid for re-election and never entered an order disposing of the petition.

Thereafter, the petitioner sought to appeal the post-conviction court's ruling. However, because of the absence of a final judgment below, this court dismissed the appeal for lack of jurisdiction and remanded the case to the post-conviction court for the entry of an order or final judgment. As Judge Sells was no longer on the bench, the Chief Justice of the Tennessee Supreme Court designated the Honorable Allen W. Wallace, Senior Judge, to hear the matter.

On February 22, 2008, a further hearing was held, and an order or final judgment was entered by Judge Wallace on March 4, 2008. That order reflected the fact that the petitioner had become disruptive during the proceedings, necessitating his removal from the courtroom. The order also reflected that the petitioner had waived his presence and that the hearing was concluded. Judge Wallace explained in his order that he had reviewed the entire record, including the transcripts of the original post-conviction hearing, and concluded that the petitioner's counsel was not constitutionally ineffective. Judge Wallace also adopted the oral findings of Judge Sells, which were set out in the transcript of the previous post-conviction hearing.

The petitioner now seeks a new post-conviction hearing because Judge Wallace did not issue written findings as required by Tennessee Code Annotated section 40-30-118(b), which requires the entry of a "final order" that "shall set forth . . . all grounds presented, and shall state the findings of fact and conclusions of law with regard to each ground." T.C.A. § 40-30-211(b) (2011). However, we conclude that the order entered by Judge Wallace in this case was sufficient to comply with the statutory requirements and that any error that may have been made concerning the statutory requirements was harmless. In addition, the petitioner contends that the post-conviction court failed to address all the issues that were

raised in his petition. However, we conclude that the appellate record in this case is inadequate to support any meaningful appellate review on this issue; therefore, the judgment from which the petitioner now appeals must be considered by this court as correct.

With respect to the petitioner's first claim, it is true that the trial court is required by law to set forth written findings of fact and conclusions of law regarding each claim raised in a post-conviction petition. *See id.* However, we believe that the order entered by Judge Wallace in this case sufficiently complied with the statutory requirements because, in his order, Judge Wallace adopted the findings of Judge Sells as they were expressed by her in the transcript of the previous post-conviction hearing. Although the requirements of section 40-30-211(b) are mandatory, reversal is not always warranted when a trial judge fails to include written findings of fact and conclusions of law in the order dismissing a post-conviction petition. *State v. Swanson*, 680 S.W.2d 487, 489 (Tenn. Crim. App. 1984). The legislative intent of the statute is to aid the appellate court's review of post-conviction proceedings. *Id.*; *George v. State*, 533 S.W.2d 322, 326 (Tenn. Crim. App. 1975). Where the court orally pronounces its findings from the bench, failure to state findings of fact and conclusions of law in the final order may be harmless error. *State v. Higgins,* 729 S.W.2d 288, 290-91 (Tenn. Crim. App. 1987).

Such is the case in this instant appeal. After the original post-conviction hearing, Judge Sells made detailed findings on the record concerning her conclusions that: 1) different fires were set in different counties with different victims so no issue of double jeopardy existed; 2) claims of ineffective assistance of counsel were not proven; 3) the prosecutor did not fail to turn over exculpatory evidence; 4) no proof was presented that the petitioner was prejudiced by pretrial publicity; 5) the petitioner's fourth amendment rights were not violated, and such issues were raised on appeal and were previously determined; and 6) the uniformed officers did not prejudice this petitioner by wearing their uniforms while testifying in court. Judge Wallace adopted Judge Sells' findings after reviewing the transcript of the original hearing, as is clearly set out in his order or final judgment. Consequently, we conclude that any error that may have been committed is harmless.

Next, the petitioner contends that the post-conviction court did not address all of the issues raised by the petition. We hold that this claim is waived. It is the duty of the petitioner to provide a record which conveys a fair, accurate, and complete account of what transpired with regard to the issues that form the basis of the appeal. Tenn. R. App. P. 24(b); *see also State v. Taylor*, 992 S.W.2d 941, 944 (Tenn. 1999). Notwithstanding this Court's repeated requests, no transcript or statement of evidence was filed concerning what transpired at the hearing on February 22, 2008, giving rise to the order or final judgment that is the subject of this appeal. Furthermore, the brief in this case does not cite to any specific issue raised by the petitioner that was not addressed by either Judge Wallace or Judge Sells.

The brief states that the petitioner raised an entire litany of issues concerning the deficiencies in his trial counsel's performance; yet, not one reference was made to the record showing where these issues were raised and not addressed. Consequently, the petitioner's claims are waived by virtue of the petitioner's failure to make appropriate references to the record. Tenn. Ct. Crim. App. R. 10(b); *State v. Schaller*, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997); *State v. Turner,* 919 S.W.2d 346, 358 (Tenn. Crim. App. 1995); *see also* Tenn. R. App. P. 27 (a)(7) and (g).

## CONCLUSION

For the foregoing reasons, the judgment of the post-conviction court is hereby affirmed.

_____
THOMAS T. WOODALL, JUDGE