# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs May 7, 2013

## LARRY HUNT v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 00-12639-41     W. Otis Higgs, Jr., Judge**

---

**No. W2012-01682-CCA-R3-PC  - Filed August 2, 2013**

---

The Petitioner, Larry Hunt, appeals the Shelby County Criminal Court's denial of his petition for post-conviction relief from his convictions of aggravated robbery, aggravated kidnapping, and aggravated rape and resulting effective sentence of thirty-two years in confinement.  On appeal, the Petitioner contends that he received the ineffective assistance of trial counsel. However, because the post-conviction court failed to make any findings of fact or conclusions of law in its denial of the petition, we reverse the judgment of the post-conviction court and remand the case for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed, and the Case is Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Juni S. Ganguli, Memphis, Tennessee, for the appellant, Larry Hunt.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Charles Summers, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

The record reflects that in November 2002, the Petitioner was tried in the Shelby County Criminal Court for two counts of aggravated robbery, one count of especially aggravated kidnapping, and one count of aggravated rape.  The jury convicted him of aggravated robbery, robbery as a lesser-included offense of aggravated robbery, and

aggravated kidnapping as a lesser-included offense of especially aggravated kidnapping. The jury was unable to reach a verdict on the aggravated rape count, so the trial court declared a mistrial as to that charge. Following a retrial, the jury convicted the Petitioner of aggravated rape. After a sentencing hearing, the trial court merged the robbery conviction into the aggravated robbery conviction and sentenced the Petitioner to an effective thirty-seven-year sentence. On appeal to this court, the Petitioner challenged the sufficiency of the evidence for the aggravated rape conviction and the imposition of consecutive sentencing. We affirmed the Petitioner's conviction but modified his effective sentence to thirty-two years pursuant to Blakely v. Washington, 542 U.S. 296 (2004). State v. Larry Hunt, No. W2003-01738-CCA-R3-CD, 2004 Tenn. Crim. App. LEXIS 777, at *22 (Jackson, Sept. 14, 2004).

The Petitioner timely filed a petition for post-conviction relief. Relevant to this appeal, the Petitioner claimed that he received the ineffective assistance of trial counsel. The post-conviction court appointed counsel, and counsel filed amended petitions, claiming that the Petitioner received the ineffective assistance of counsel during his second trial because trial counsel failed to file a pretrial motion to suppress his statement to police, failed to cross-examine the victim adequately, and allowed the jury to hear evidence about the robbery and kidnapping.

At the evidentiary hearing, trial counsel testified that he began practicing law in 1982 and began working for the public defender's office in 1989. The Petitioner had been accused of robbing, kidnapping, and raping the victim, a former co-worker. Counsel said that at the Petitioner's first trial, the jury convicted him of aggravated robbery and aggravated kidnapping but "hung up" on the aggravated rape. At the Petitioner's retrial for aggravated rape, counsel used "copious notes" he took during the first trial. Counsel also filed a motion to suppress the Petitioner's statement to police. Counsel said that he did not think grounds existed to justify the motion and that he filed the motion at the Petitioner's "insistence." The Petitioner had turned himself in to police voluntarily, was very cooperative with officers, received Miranda warnings, and signed his statement. Therefore, the Petitioner gave his statement knowingly, intelligently, and voluntarily. The trial court denied the motion to suppress.

Trial counsel testified that at the Petitioner's second trial, the victim testified on direct examination about the Petitioner's robbing and kidnapping her; however, the jury never heard that the Petitioner was convicted of those offenses. Counsel said he questioned the victim about the "entire episode," including the robbery and kidnapping, because "[t]he facts had already been brought out on direct, so I could not ignore them." Regarding the aggravated rape, counsel said that he "tried to hammer away as best [he] could without inflaming the passions of the jury that [the victim] was either embellishing or was mistaken"

and that he "did try to make hay with the fact" that she told the police the Petitioner "tried" to rape her. The victim had claimed that the Petitioner inserted his middle finger into her vagina. Counsel said that he may have asked the victim only a few questions about the rape because "you can only ask so many questions about that." Counsel acknowledged that he did not have an investigator from the public defender's office interview the victim. He said that the victim had been cross-examined at the Petitioner's preliminary hearing and that he had never known a rape victim to agree to be interviewed by a defendant's investigator. Therefore, counsel used the victim's preliminary hearing testimony as if it were an interview. When asked if there were any witnesses to call at the sentencing hearing, trial counsel answered no.

On cross-examination, trial counsel testified that whether the Petitioner digitally penetrated the victim was a "he said/she said type situation." Counsel said that the victim knew the Petitioner because she had worked with him prior to the crimes, that the victim was an excellent witness, and that the State had a very strong case. Although counsel failed to file the motion to suppress before the second trial, counsel filed the motion during the trial, and the trial court held a hearing. Counsel said the trial court "made it clear he was denying it then and he would have denied it six months earlier."

The then thirty-four-year-old Petitioner testified that he admitted to robbing and kidnapping the victim but that he denied raping her. The Petitioner asked counsel to speak with the victim, but he did not think counsel did so. The Petitioner was tried twice for raping the victim. After the first trial, counsel never visited the Petitioner. The Petitioner wrote letters to counsel, but counsel never responded, and counsel and the Petitioner never talked about trial strategy. The Petitioner said that at his second trial, he stood up during a State witness's testimony and "made [an] outburst." He said he did so because counsel was not allowing him to participate in his defense and because counsel did not raise some issues during the suppression hearing that the Petitioner wanted raised. He said that although counsel thought the motion to suppress was frivolous, he gave counsel the names of witnesses to call at the hearing. However, counsel never called them to testify. The Petitioner said counsel's cross-examination of the victim was "more in-depth" at the first trial. He said that during the second trial, the jury heard about "all of these horrible things" and that trial counsel "shirked his responsibility."

On cross-examination, the Petitioner acknowledged that the victim was credible and believable. During the Petitioner's first trial, counsel questioned the victim about inconsistencies "to a T and then he [recross]-examined her." However, during the second trial, "none of these same things occurred." The Petitioner said that he had wanted his statement suppressed at the second trial because a police officer "jacked [him] up" and made "some promises about this and that."

In a written order, the post-conviction court denied relief. The Petitioner appeals the ruling of the post-conviction court.

## II. Analysis

On appeal, the Petitioner contends that he received the ineffective assistance of counsel because trial counsel did not review the transcript from his first trial in preparation for his second trial, did not file prior to the second trial a motion to suppress his statement to police, did not cross-examine the victim about the rape and cross-examined her about irrelevant issues at the second trial, failed to investigate the facts of the case and failed to interview the victim, and failed to call any witnesses at the sentencing hearing. The State contends that the case must be remanded to the post-conviction court because the court failed to make any findings of fact or state any conclusions of law. We agree with the State.

Initially, we note that the fact section of the Petitioner's brief fails to comply with Rule 27(a)(6), Tennessee Rules of Appellate Procedure, which requires that an appellant's brief contain "[a] statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record." The statement of facts in the Petitioner's brief contains no evidence presented at his trials or the post-conviction evidentiary hearing.

That said, the post-conviction court's written order denying the petition for post-conviction relief fails to state any findings of fact or conclusions of law. Tennessee Code Annotated section 40-30-111(b) mandates that a court considering a post-conviction petition enter a final order and in that order or a written memorandum set forth all the grounds presented, the findings of fact, and the conclusions of law with regard to each ground. A court's failure to provide written findings of fact and conclusions of law may be deemed harmless if the court orally set forth sufficient findings on the record. See State v. Higgins, 729 S.W.2d 288, 290-91 (Tenn. Crim. App. 1987). However, the post-conviction court also failed to make any findings of fact or conclusions of law orally at the conclusion of the evidentiary hearing. Thus, we are unable to review the Petitioner's claim of ineffective assistance of counsel and must remand the case to the trial court for a new evidentiary hearing.[1]

---

[1]Ordinarily, we would remand the case to the post-conviction court for a more complete order. However, the post-conviction court judge, the Honorable W. Otis Higgs, Jr., died on February 15, 2013. Therefore, a new evidentiary hearing is required.

### III.  Conclusion

Based upon the record and the parties' briefs, the judgment of the post-conviction court is reversed, and the case is remanded to the post-conviction court for further proceedings consistent with this opinion.

_____
NORMA McGEE OGLE, JUDGE