IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 12, 2014

**EDDIE L. READUS v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Bedford County**
**No. 17612      Robert G. Crigler, Judge**

_____

**No. M2013-01856-CCA-R3-PC - Filed April 15, 2014**

_____

The Petitioner filed a petition for post-conviction relief in the Bedford County Circuit Court, seeking relief from his convictions for selling less than one-half gram of cocaine, delivering less than one-half gram of cocaine, possessing one-half gram or more of cocaine with intent to sell, and possessing one-half gram or more of cocaine with intent to deliver and resulting effective thirty-year sentence. In the petition, the Petitioner claimed that he received the ineffective assistance of counsel at trial and on appeal. After an evidentiary hearing, the post-conviction court concluded that the Petitioner did not receive the ineffective assistance of counsel but ruled sua sponte that he was entitled to a delayed appeal in order for this court to determine whether his effective thirty-year sentence was excessive. After a review of the record and the parties' briefs, we affirm the post-conviction court's denial of the petition for post-conviction relief but reverse the court's granting the Petitioner a delayed appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed in Part and Reversed in Part.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Alicia N. Napier, Shelbyville, Tennessee, for the appellant, Eddie L. Readus.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Robert Carter, District Attorney General; and Richard Cawley, for the appellee, State of Tennessee.

**OPINION**

## I.  Factual Background

We glean the following relevant facts from this court's direct appeal opinion of the Petitioner's convictions:[1] On September 10, 2010, the Petitioner sold crack cocaine to a confidential informant (CI).  State v. Eddie L. Readus, No. M2011-01918-CCA-R3-CD, 2012 Tenn. Crim. App. LEXIS 736, at *2 (Nashville, Sept. 17, 2012).  After his arrest, the police found powder cocaine in his possession.  Id.  Subsequently, a Beford County Circuit Court Jury convicted him of count 1, selling less than one-half gram of cocaine; count 2, delivering less than one-half gram of cocaine; count 3, possessing one-half gram or more of cocaine with intent to sell; and count 4, possessing one-half gram or more of cocaine with intent to deliver.  Id. at *1.  Counts 1 and 2 involved Class C felonies, and counts 3 and 4 involved Class B felonies.  Id.  The trial court merged count 2 into count 1 and count 4 into count 3 and sentenced the Petitioner to consecutive fifteen-year sentences for a total effective sentence of thirty years.  Id. at **1-2.

The Petitioner filed an appeal to this court, claiming that the evidence was insufficient to support his convictions and that "the trial court erred in sentencing him on both counts one and three because the convictions arose out of the same series of events and were thus a single criminal offense."  Id. at **7, 12.  This court held that the evidence was sufficient to support the convictions.  See id. at **11-12.  Regarding the remaining issue, this court noted that

> the defendant, although stating that the trial court imposed an 'excessive' sentence, clearly is not challenging the specific sentence imposed by the trial court but, instead, challenging that he was sentenced on both convictions rather than them being treated as one.  As such, we confine our review to the defendant's issue instead of undertaking a typical sentencing review.

Id. at *13.  This court held that the trial court's sentencing the Petitioner for counts 1 and 3 did not violate double jeopardy.  See id. at **15-16.

---

[1]The Petitioner has failed to include the direct appeal record with the post-conviction record on appeal and did not ask this court to take judicial notice of the direct appeal record.  It is the Petitioner's duty to make sure that a complete and accurate record is before this court on appeal.  See Thompson v. State, 958 S.W.2d 156, 164 (Tenn. Crim. App. 1997).

After our supreme court denied the Petitioner's application for permission to appeal, the Petitioner filed a timely petition for post-conviction relief, arguing that he received the ineffective assistance of counsel at trial and on appeal. Relevant to this appeal, the Petitioner claimed that trial counsel was ineffective for failing to investigate and interview potential witnesses before trial and for failing to argue in the direct appeal of his convictions that consecutive sentencing was improper.

At the evidentiary hearing, the Petitioner testified that he met with trial counsel once or twice before trial. The Petitioner told counsel about his cousin, Christopher Trotter, who was present when he allegedly sold drugs to the CI. The Petitioner said he gave Trotter's contact information to counsel and told counsel "plenty of times" to subpoena Trotter. The Petitioner stated that Trotter "would have changed the whole case" because Trotter would have testified at trial that the Petitioner did not sell any drugs. The Petitioner did not think counsel ever telephoned Trotter. However, counsel spoke with Trotter's wife and gave the Petitioner the telephone number for the wife's workplace.

The Petitioner testified that after the jury convicted him, counsel told him that counsel was going to appeal his case. They did not discuss what counsel was going to argue on appeal. The Petitioner acknowledged that on appeal, counsel alleged that the Petitioner's two remaining convictions should have merged; counsel did not argue excessive sentencing.

On cross-examination, the Petitioner testified that counsel "might [have said] he couldn't get in contact [with Trotter]." Although counsel spoke with Trotter's wife, counsel did not tell the Petitioner what she said. The Petitioner said he did not know why Trotter was not present at the evidentiary hearing. The State asked the Petitioner if trial counsel explained sentencing to him, and the Petitioner answered, "Man, I don't remember, I don't remember." He said that the officer who prepared his presentence report was lying when she stated in the report that he could not give her the names and places of his employment. The Petitioner said that he told the officer he had worked for Moss Lawn Service and that he thought he gave her the telephone number for Moss Lawn. The Petitioner acknowledged that he had eight prior felony convictions. He said he did not know that having an extensive criminal history or being a career criminal could result in consecutive sentencing.

Trial counsel testified that he met with the Petitioner four to six times before trial. The Petitioner told counsel about Christopher Trotter but did not give counsel Trotter's address or telephone number. Instead, the Petitioner told counsel that Trotter's wife worked for a hospital in Nashville. Counsel said he "track[ed] her down" by calling several hospitals and told her that he needed to speak with her husband. Counsel said she told him that "no, you don't need to talk to my husband because my husband won't be a good witness for him. He will be a witness against him." Counsel said he told the Petitioner about his conversation

-3-

with Trotter's wife and gave her work telephone number to the Petitioner, thinking that "maybe he can do something I can't do."

Trial counsel testified that the State offered to let the Petitioner plead guilty in exchange for a sixteen-year sentence to be served at thirty percent. The Petitioner had been indicted for Class B and C felonies. Counsel told him that if a jury convicted him of the Class C felony, he would be sentenced as a career offender and "would be enhanced as a C and he would get 15 years minimum." Counsel told the Petitioner that he would be sentenced as a Range II offender for the Class B felony. Counsel said, "I explained all of that to him. I told him [that] if he went to trial that he was looking at a minimum of 27 years, more like 30." Counsel said that in the Petitioner's direct appeal of his convictions, counsel argued that the Petitioner's remaining two convictions should have merged "because of the time, place and location." However, about one month before the decision on the Petitioner's appeal, our supreme court filed a case that changed the merger rules. Counsel said there was no argument against consecutive sentencing because the Petitioner did not have a work history, had multiple prior convictions, and was a career offender. He said that arguing against consecutive sentencing would have been "frivolous."

On cross-examination, trial counsel testified that he spoke with Trotter's wife two or three weeks before trial. He stated that he told the Petitioner what Trotter's wife had said and that the Petitioner "just basically said let it go." Counsel did not have an address to subpoena Trotter. Counsel thought the State's plea offer was "a pretty good deal" because the Petitioner would have been sentenced outside of his range. Counsel said he asked the Petitioner, "[I]f you don't like the 16 at 30, what would you be willing to do if I can go back to them[?]" The Petitioner said he would be willing to serve two years. Counsel said that he told the Petitioner that "there is no way you can get two years on these charges" and that "[s]o he was going to go to trial no matter what." Counsel had the Petitioner sign a yellow legal pad, stating that the Petitioner did not want to accept the State's offer, and had Becky Hord witness the signature. However, counsel did not bring the legal pad to the evidentiary hearing. He said he talked with the Petitioner about what he was going to raise in the direct appeal of the Petitioner's convictions.

In a brief written order, the post-conviction court denied the petition for post-conviction relief. The court stated that the Petitioner had failed to show that counsel rendered deficient performance or that he was prejudiced by any deficiency. However, the court, noting that this court had stated in its direct appeal opinion that it was not "undertaking a typical sentencing review," found that the Petitioner "should receive a delayed appeal so that he can receive appellate review of the sentences imposed."

## II. Analysis

The Petitioner contends that the post-conviction court erred by denying his petition for post-conviction relief, maintaining that trial counsel was ineffective for failing to subpoena Christopher Trotter at trial, failing to explain sentencing and how his prior convictions could affect his sentences, and not arguing in the direct appeal of his convictions that his sentences were excessive. He also contends that in light of the post-conviction court's granting him a delayed appeal, this court should order that he serve his fifteen-year sentences concurrently because the crimes were not crimes of violence, he is not a dangerous offender, and he was not on probation when he committed the crimes.

To be successful in a claim for post-conviction relief, a petitioner must prove factual allegations contained in the post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.3 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. See Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, the post-conviction court's findings of fact are entitled to substantial deference on appeal unless the evidence preponderates against those findings. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

A claim of ineffective assistance of counsel is a mixed question of law and fact. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). We will review the post-conviction court's findings of fact de novo with a presumption that those findings are correct. See Fields, 40 S.W.3d at 458. However, we will review the post-conviction court's conclusions of law purely de novo. Id.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, "the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). To establish deficient performance, the petitioner must show that counsel's performance was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Further,

[b]ecause a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

Goad, 938 S.W.2d at 370 (citing Strickland, 466 U.S. at 697).

Initially, we note that Tennessee Code Annotated section 40-30-111(b) mandates that a court considering a post-conviction petition enter a final order or a written memorandum setting forth all the grounds presented, the findings of fact, and the conclusions of law with regard to each ground. The purpose of this requirement is to facilitate appellate review. See State v. Swanson, 680 S.W.2d 487, 489 (Tenn. Crim. App. 1984). A court's failure to provide written findings of fact and conclusions of law may be deemed harmless if the court orally set forth sufficient findings on the record. See State v. Higgins, 729 S.W.2d 288, 290-91 (Tenn. Crim. App. 1987).

The post-conviction court failed to make any findings of fact or conclusions of law orally at the conclusion of the evidentiary hearing. The court's written order also does not set forth any of the grounds presented or make any findings of fact from the evidentiary hearing. In the order, the post-conviction court found as to all claims of ineffective assistance of counsel that the Petitioner failed to prove by clear and convincing evidence that "trial counsel's representation fell below an objective standard of reasonableness" or that "trial counsel's performance prejudiced the defense." Obviously, the post-conviction court accredited trial counsel's testimony and discredited the Petitioner's testimony. Therefore, we conclude that although the court's order does not comply with the statute, the court's order is sufficient, albeit barely, for us to conduct proper appellate review.

Regarding the Petitioner's claim that he received the ineffective assistance of counsel because trial counsel failed to subpoena Trotter for trial, trial counsel testified that the Petitioner did not give him Trotter's address or telephone number but that he was able to contact Trotter's wife, who told him that Trotter would not testify favorably for the Petitioner. Counsel also testified that he told the Petitioner about his conversation with Trotter's wife and that the Petitioner "just basically said let it go." Furthermore, the Petitioner failed to have Trotter testify at the evidentiary hearing. Generally, "[w]hen a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). We may not speculate on any benefit these witnesses would have offered to the petitioner's case,

nor may we guess as to what evidence further investigation may have uncovered. Id. Therefore, the evidence does not preponderate against the post-conviction court's finding that the Petitioner did not receive the ineffective assistance of counsel for counsel's failure to subpoena Trotter for trial.

As to the Petitioner's claim that trial counsel was ineffective for failing to explain sentencing to him or argue excessive sentencing in the direct appeal of his convictions, trial counsel testified that he told the Petitioner that the Petitioner was facing a thirty-year sentence if a jury convicted him at trial. Trial counsel also testified that the Petitioner did not have a work history, had multiple prior convictions, and was a career offender and that he did not raise consecutive sentencing on direct appeal because the argument would have been frivolous. We note that, according to this court's direct appeal opinion of the Petitioner's convictions, the Petitioner had forty prior felony and misdemeanor convictions, had numerous probation revocations, and had regularly used drugs since he was nineteen years old. Eddie L. Readus, No. M2011-01918-CCA-R3-CD, 2012 Tenn. Crim. App. LEXIS 736, at **5-6. Moreover, the trial court sentenced the Petitioner as a career offender for the Class C felony conviction and as Range II offender for the Class B felony conviction and ordered consecutive sentencing by "finding the defendant to be an offender whose record of criminal activity was extensive." Id. at *6; see Tenn. Code Ann. § 40-35-115(b)(2). The Petitioner does not allege in this appeal that he did not qualify as a career offender or Range II offender or that his prior criminal record is not extensive. Therefore, we again conclude that the evidence does not preponderate against the post-conviction court's finding that the Petitioner did not receive the ineffective assistance of counsel for counsel's failure to explain sentencing to him or argue excessive sentencing in the direct appeal of his convictions.

However, we conclude that the post-conviction court erred by sua sponte granting the Petitioner a delayed appeal of his sentences. Our Post-Conviction Procedure Act provides that if a post-conviction court finds that a petitioner was denied the right to an appeal from the original conviction, and there is an adequate record of the original trial proceeding available for review, the court can grant a delayed appeal. Tenn. Code Ann. § 40-30-113(a)(1). The petitioner may receive a delayed appeal when the petitioner has been a denied the effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution. Wallace v. State, 121 S.W.3d 652, 656 (Tenn. 2003). In the instant case, the Petitioner was not denied the right to appeal from the original convictions. To the contrary, trial counsel filed a direct appeal, arguing that the evidence was insufficient to support the convictions and that sentencing the Petitioner for both convictions was improper, and this court affirmed the Petitioner's convictions. The Petitioner filed a timely application for permission to appeal to our supreme court, but the court denied his application. At that point, the proper avenue for challenging consecutive sentencing became the present ineffective assistance of counsel

claim in the post-conviction petition. The Petitioner did not allege in the petition, and the post-conviction court did not find in its scant order, that the Petitioner was denied the right to appeal the original convictions due to ineffective assistance of counsel. Therefore, the post-conviction court improperly granted the Petitioner a delayed appeal.

### III.  Conclusion

Based upon the record and the parties briefs, we affirm the post-conviction court's denial of the petition for post-conviction relief but reverse the court's granting a delayed appeal for review of the Petitioner's sentences.

_____
NORMA McGEE OGLE, JUDGE